IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01008-PAB-KLM

BOLSA RESOURCES, INC., an Arizona corporation,

    Plaintiff

v.

AGC RESOURCE, INC., a Nevada corporation,
ALPACA RESOURCES, INC., an Ontario, Canada corporation,
INTERNATIONAL AMERICAN RESOURCE, INC., a Colorado corporation,
MARTIN RESOURCES, INC., a Colorado corporation,
SALZBURG HOLDINGS, LLC, a Colorado limited liability company,
DAVID STAFFORD JOHNSON, a Colorado resident,
STEPHEN B. DOPPLER, a Colorado resident,
EARL DETRA, a Colorado resident,
FREDERIK W. WARNAARS, a Colorado resident,
ADAM SZWERAS, an Ontario, Canada resident,
YANNIS BANKS, an Ontario, Canada resident,
FOUNDATION MARKETS, INC., an Ontario, Canada corporation,
ARIZONA-ALPACA RESOURCE CORP., a Nevada corporation,
SOGC RESOURCE CORP., a Nevada corporation,
JNS MINERAL HOLDING CORP., a Nevada corporation, and
JEREMY GOLDMAN, an Ontario, Canada resident,

    Defendants.

## ORDER OF DISMISSAL

This matter is before the Court on plaintiff's *ex parte* response [Docket No. 19] to the Court's April 19, 2011 Order to Show Cause [Docket No. 9].

As the Court stated in the April 19 Order, a federal court must satisfy itself as to its own jurisdiction in every case and at every stage of the proceeding, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an

assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873. Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004); *U.S. Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). In their original complaint, plaintiff alleged that "[t]his Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §[§] 1331 and 1332, due to diversity of citizenship and an amount in controversy in excess of $100,000." Docket No. 1 at 2, ¶ 2. In an amended complaint [Docket No. 15] filed on April 25, 2011, plaintiff now alleges that the Court's jurisdiction solely arises pursuant to 28 U.S.C. § 1332. *See* Docket No. 15 at 2, ¶ 2. Section 1332(a)(3) states

that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties . . . ."

While, for diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," 28 U.S.C. § 1332(c)(1); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990),[1] these considerations are irrelevant to the determination the citizenship of a limited liability company ("LLC"). Although the Supreme Court and the Tenth Circuit have not spoken specifically on the issue of citizenship of LLCs, the consensus throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens. *See U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at * 2 (D. Colo. July 10, 2009) (listing cases); *Smith v. Locher*, No. 10-cv-00999-MSK, 2010 WL 2342475, at *1 (D. Colo. June 8, 2010). Furthermore, when an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court. *See U.S. Advisor, LLC*, 2009 WL 2055206, at

---

[1] A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, --- U.S. ----, 130 S. Ct. 1181, 1192 (2010).

\* 2; *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at \*1 (D. Colo. May 2, 2008); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd*., No. 06-88-A, 2007 WL 2848154, at \*4-5 (M.D. La. Sept. 24, 2007); *cf. Carden*, 494 U.S. at 195 ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").

The amended complaint alleges that "[d]efendant Salzburg Holdings, LLC ('Salzburg') is a Colorado limited liability company with its principal place of business located at 29893 Paint Brush Drive, Evergreen, CO 80439. Based on information provided by and available through the Colorado Secretary of State, the only known members of Salzburg are Defendant Doppler, who is domiciled in Colorado, and an individual named William Valdez, who is domiciled in Miami, Florida." Docket No. 15 at 4, ¶ 8. In support of this allegation, plaintiff relies upon the Articles of Organization of Salzburg filed with the Colorado Secretary of State on July 18, 2005. *See* Docket No. 19-1 at 1. The Articles of Organization, however, do not identify any members of Salzburg. Rather, they provide the name of Salzburg's registered agent and the person forming the LLC. *See* Docket No. 19-1 at 1-2.

Even assuming Doppler and Valdez are current members of Salzburg, allegations of the "only known members," Docket No. 15 at 4, ¶ 8, of the LLC are insufficient to establish its citizenship. This Court has previously noted "that while various state legislatures have decided to permit the members of LLCs to remain

anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court." *U.S. Advisor, LLC*, 2009 WL 2055206, at *3 (citing *Carden*, 494 U.S. at 196) (in discussing the citizenship of non-corporate artificial entities for diversity purposes, the Court noted that "[t]he resolutions we have reached . . . can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization.").

Because plaintiff's amended complaint and response to the Order to Show Cause fail to adequately allege the citizenship of defendant Salzburg's members, it is

**ORDERED** that this case is dismissed without prejudice due to this Court's lack of subject matter jurisdiction.  It is further

**ORDERED** that, thirty days from the entry of this order, the Clerk of the Court shall make public all *ex parte* filings in this case.

DATED May 4, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge