IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01008-PAB-KLM

BOLSA RESOURCES, INC., an Arizona corporation,

    Plaintiff

v.

AGC RESOURCE, INC., a Nevada corporation,
ALPACA RESOURCES, INC., an Ontario, Canada corporation,
INTERNATIONAL AMERICAN RESOURCE, INC., a Colorado corporation,
MARTIN RESOURCES, INC., a Colorado corporation,
SALZBURG HOLDINGS, LLC, a Colorado limited liability company,
DAVID STAFFORD JOHNSON, a Colorado resident,
STEPHEN B. DOPPLER, a Colorado resident,
EARL DETRA, a Colorado resident,
FREDERIK W. WARNAARS, a Colorado resident,
ADAM SZWERAS, an Ontario, Canada resident,
YANNIS BANKS, an Ontario, Canada resident,
FOUNDATION MARKETS, INC., an Ontario, Canada corporation,
ARIZONA-ALPACA RESOURCE CORP., a Nevada corporation,
SOGC RESOURCE CORP., a Nevada corporation,
JNS MINERAL HOLDING CORP., a Nevada corporation, and
JEREMY GOLDMAN, an Ontario, Canada resident,

    Defendants.

## ORDER

    This matter is before the Court on plaintiff's motion for relief from final order and judgment [Docket No. 37] pursuant to Federal Rule of Civil Procedure 60. On May 4, 2011, the Court dismissed this case without prejudice for lack of subject matter jurisdiction [Docket No. 34] because plaintiff failed to adequately allege the citizenship of defendant Salzburg Holdings, LLC's members in its amended complaint [Docket No. 15] or in response [Docket No. 19] to an Order to Show Cause [Docket No. 9]. In

accordance with the Court's order of dismissal, judgment entered on May 5, 2011 [Docket No. 36].

In seeking relief from that judgment, plaintiff does not dispute that it failed to allege Salzburg's members. Nor does it offer any persuasive basis for this Court to provide what would be a fourth attempt to adequately allege Salzburg Holdings, LLC's citizenship. Rule 60(b) "relief is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (internal quotations omitted). Here, plaintiff has not shown that it "made an excusable litigation mistake or an attorney in the litigation has acted without authority" or that the Court "made a substantive mistake of law or fact in the final judgment or order," such that granting relief pursuant to Federal Rule of Civil Procedure 60(b)(1) would be appropriate. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999); *cf. Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) ("If the mistake alleged is a party's litigation mistake, we have declined to grant relief under Rule 60(b)(1) when the mistake was the result of a deliberate and counseled decision by the party. . . . Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts."). Plaintiff also fails to explain how Rule 60(b)(2), which relates to "newly discovered evidence" that could not previously have been discovered with "reasonable diligence," would apply to the question of whether plaintiff met its burden as "[t]he party invoking federal jurisdiction . . . of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Even if Rule 60(b)(2) were applicable in this instance, plaintiff has not shown that it acted with reasonable diligence to discover the

jurisdictional evidence before filing its original complaint, amended complaint, or response to the Order to Show Cause.  For example, plaintiff did not request additional time to respond to the Order to Show Cause in order to investigate the relevant jurisdictional facts.  Moreover, plaintiff has not identified "any other reason that justifies relief" pursuant to Rule 60.  Fed. R. Civ. P. 60(b)(6).  Therefore, it is

**ORDERED** that plaintiff's motion for relief from final order and judgment [Docket No. 37] is DENIED.


DATED May 9, 2011.

BY THE COURT:


  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge